PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| RONALD G. JOHNSON, ) | |
| ) | CASE NO. 4:20CV1361 |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE BENITA Y. PEARSON |
| ) | |
| ANNETTE CHAMBERS-SMITH, ) | |
| DIRECTOR OF THE OHIO ) | |
| DEPARTMENT OF REHABILITATION & ) | |
| CORRECTION, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | [Resolving ECF Nos. 3, 6, and 7] |

*Pro Se* Plaintiff Ronald G. Johnson, an Ohio prisoner incarcerated in the Northeast Ohio Correctional Center, has filed this civil rights action pursuant to 42 U.S.C. § 1983 against Annette Chambers-Smith, Director of the Ohio Department of Rehabilitation & Correction. For the reasons stated below, the action is dismissed.

**I. Background**

Plaintiff filed Motions to Proceed *in Forma Pauperis* (ECF No. 2) and for Appointment of Counsel (ECF No. 3), along with his original complaint against Defendant (ECF No. 1). He subsequently filed an "Amended Complaint and Motion for Counsel & Injunctive Relief" (ECF No. 5), which is now the operative complaint (hereinafter "Complaint").[1] In the Complaint (ECF No. 5), Plaintiff seeks immediate release to home confinement and other relief, including

---

[1] *See Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000) (explaining that when a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward).

(4:20CV1361)

preliminary injunctive relief, on the basis that Defendant's "actions & inactions" in response to the COVID-19 pandemic in Ohio prisons violate his constitutional rights to be free from cruel and unusual punishment and to equal protection. ECF No. 5 at PageID #: 104, ¶ 34; PageID #: 108-11.

Plaintiff acknowledges that Defendant has taken a number of actions in response to the pandemic, including implementing a safety plan and various operating procedures to be followed in all Ohio prisons, including hand-washing, mask-wearing, suspending visitation, and quarantining inmates that have symptoms or were exposed to someone having symptoms of COVID-19. ECF No. 5 at PageID #: 102-103, ¶ 28; PageID #: 105, ¶ 37. But, he contends these measures are "not sufficient to provide a safe prison environment for prisoners or employees." ECF No. 5 at PageID #: 103, ¶ 28. According to Plaintiff, Defendant has been deliberately indifferent to inmate health and safety because she has not implemented COVID-19 state-wide testing for all Ohio inmates, regardless of whether they are symptomatic, and has not sought to reduce the prison population by releasing inmates who have served the majority of their sentences and are in a high-risk category for contracting the virus. ECF No. 5 at PageID #: 104, ¶ 32. He contends all inmates should be tested, and all inmates who are medically vulnerable and have "been continued by the [Ohio] Parole Board or DENIED Emergency Repreve (sic)" be immediately released. ECF No. 5 at PageID #: 99, ¶ 14.

The relief Plaintiff seeks is his "immediate release" to home confinement, that all Ohio inmates and staff be tested for COVID-19, that the Ohio Parole Board "[loosen] the criteria for Emergency [Reprieve]" release for all inmates, and $50,000 in punitive damages. He also seeks

(4:20CV1361)

appointment of counsel and preliminary injunctive relief. ECF No. 5 at PageID #: 111-12, ¶¶ 63-68.

Before the Complaint (ECF No. 5) was screened by the Court under the Prison Litigation Reform Act, Plaintiff filed a Motion to Vacate his request for monetary relief (on the ground that Defendant is immune from such relief) and for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) (ECF No. 7).

## II. Standard of Review

By separate order, the Court has granted Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF No. 2). Accordingly, because he is proceeding *in forma pauperis* and is seeking redress from a governmental employee, the Complaint (ECF No. 5) is now before the Court for initial screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. Those statutes require a federal district court to review all *in forma pauperis* complaints and all complaints in which a prisoner seeks redress from a governmental officer or employee, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). A court must read a *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept its factual allegations as true unless clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). To survive a dismissal for failure to state a claim, a *pro se* complaint must contain allegations, accepted as true, to state a claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471 (holding that the

(4:20CV1361)

dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), for motions to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A).

### III. Analysis and Law

Upon review, the Court finds that the Complaint (ECF No. 5) must be dismissed for failure to allege a plausible constitutional claim under § 1983 upon which Plaintiff may be granted relief against Defendant.

#### A.

First, it is well-established that relief in a civil rights action is not available when a prisoner seeks immediate or speedier release from his incarceration, as Plaintiff seeks here. In such a situation, a prisoner's sole federal remedy is a petition for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, the Complaint (ECF No. 5) fails to state a plausible claim under § 1983 to the extent Plaintiff seeks immediate release from his incarceration to home confinement.

#### B.

Second, the Complaint (ECF No. 5) fails to allege a plausible federal constitutional claim upon which he may be granted relief even to the extent he may be seeking relief available in a civil rights action.

#### 1.

Prison conditions are subject to constitutional scrutiny under the Eighth Amendment, but in order for a prisoner to make out a constitutional claim of cruel and unusual punishment, he

(4:20CV1361)

must demonstrate that he was subjected to an objectively serious prison condition as to which a defendant prison official acted subjectively with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). A prisoner must demonstrate that a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). An official may not be held liable if she responded reasonably to a known risk, even if the harm ultimately was not averted. *Id.* at 826.

     The Complaint (ECF No. 5) does not contain allegations sufficient to make out the required subjective component of a deliberate indifference claim. The affirmative pleading on its face acknowledges that Defendant has taken actions in response to the risks presented by COVID-19 similar to those recently considered by the Sixth Circuit in the context of an Eighth Amendment claim. *See* ECF No. 5 at PageID #: 102-103, ¶ 28; PageID #: 105, ¶ 37. In *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020), the Sixth Circuit examined the conditions at the Elkton Federal Correctional Institution and concluded that a class of medically vulnerable inmates was not likely to succeed on the merits of the required subjective component of an Eighth Amendment claim when the Federal Bureau of Prisons ("BOP") implemented measures in response to the COVID-19 pandemic similar to those Plaintiff acknowledges in the case at bar, including screening inmates for symptoms, educating staff and inmates about the virus, cancelling visitation, quarantining new inmates, providing masks, and implementing regular cleaning procedures while striving to expand testing. *Id.* at 841. The Sixth Circuit found that "the BOP responded reasonably to the known, serious risks posed by COVID-19 to petitioners at

(4:20CV1361)

Elkton." *Id.* at 840. The Court of Appeals also found that given the BOP's "measures to prevent the spread of COVID-19," its "failure to make robust use of transfer, home confinement, or furlough," including for medically-vulnerable inmates, did not constitute deliberate indifference. *Id.* at 844. Accordingly, although Plaintiff disagrees with the sufficiency of the actions Defendant has taken in response to COVID-19 in Ohio prisons and wants more to be done, he has not alleged facts sufficient to demonstrate she acted with "deliberate indifference" within the meaning of the Eighth Amendment.[2]  *See id.* at 829; *see also Williams-Bey v. Smith*, No. 1:20CV0828, 2020 WL 1954140, at *1 (N.D. Ohio, April 23, 2020) (Oliver, J.) (dismissing § 1983 action alleging deliberate indifference in connection with COVID-19 circumstances).

**2.**

The Complaint (ECF No. 5) also does not allege a plausible equal protection claim. Plaintiff does not allege he is a member of a suspect class or that he was treated less favorably than a similarly-situated inmate without a rational basis. *See Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.") (citation and internal quotation marks omitted).

---

[2] Furthermore, Plaintiff has not alleged facts suggesting that Defendant had any involvement with a decision to deny him emergency release on parole. And in any case, the granting of parole under Ohio law is "purely discretionary," and a convicted person has no constitutionally-protected liberty interest in release on parole before the expiration of a valid sentence. *Bell v. Anderson*, 301 Fed.Appx. 459, 461 (6th Cir. 2008).

(4:20CV1361)

### C.

Finally, to the extent Plaintiff purports to seek relief or represent anyone other than himself, the Complaint (ECF No. 5) must be dismissed. *Pro se* litigants, such as the unrepresented Plaintiff in the case at bar, can "present only their own claims, not the claims of other prisoners who would make up the class." *Garrison v. Michigan Dept. of Corr.*, 333 Fed.Appx. 914, 919 (6th Cir.2009) (stating that a *pro se* litigant may not act in a representative capacity); *see also Ziegler v. Michigan*, 59 Fed.Appx. 622, 624 (6th Cir. 2003) (stating that *pro se* prisoners generally cannot adequately represent a class); *Marr v. Michigan*, No. 95-1794, 1996 WL 205582, at *1 (6th Cir. April 25, 1996) ("[A]n imprisoned litigant who is not represented by counsel may not represent a class of inmates because the prisoner cannot adequately represent the interests of the class.").

### IV. Conclusion

Based on the foregoing, the Complaint (ECF No. 5) is dismissed in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. In light of this dismissal, Plaintiff's remaining motions – for Appointment of Counsel (ECF Nos. 3 and 6) and to Vacate his request for monetary relief and for Judgment on the Pleadings (ECF No. 7) – are all denied as moot. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
|   January 29, 2021 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |